I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Plaintiff (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7·1·11

DEPUTY CLERK

O



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS DOSS,<br><br>　　　　　Plaintiff,<br>vs.<br>CITY OF LONG BEACH POLICE OFFICER A. RIM, et al.,<br>　　　　　Defendants. | Case No. CV 10-7134-VBF (RNB)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On May 20, 2011, the assigned Magistrate Judge issued a Report and Recommendation herein recommending that (a) defendants' motion to dismiss be granted with leave to amend with respect to plaintiff's Fourteenth Amendment claim against defendants Birdsall, Rios, and McMahan based on their alleged refusal to provide prompt medical care; (b) defendants' motion to dismiss be denied with respect to plaintiff's Fourth Amendment claim against defendant Rim and his Fourteenth Amendment claim against defendants Birdsall, Rios, and McMahan based on their alleged refusal to allow plaintiff to use the restroom during his interrogation; and (c) plaintiff be ordered, if he still desired to pursue his Fourteenth Amendment claim against defendants Birdsall, Rios, and McMahan based on their alleged refusal to provide prompt medical care, to file a First Amended Complaint within (30) days remedying the deficiencies of that claim as discussed in the Report and

1

Recommendation.

Defendants did not file objections to the Report and Recommendation within the allotted time. On June 6, 2011, plaintiff filed a document captioned "Plaintiff's Objection to Magistrate's Report and Recommendation." However, plaintiff stated therein that he wished to accept the Report and Recommendation as to his Fourteenth Amendment claim based on defendants' alleged refusal to provide prompt medical care, and that he would not be filing a First Amended Complaint reasserting that claim. Nevertheless, plaintiff stated that he "would like to object to, and revisit the issue of the time bar," which the Magistrate Judge had referenced in footnote 5 of the May 20, 2011 Report and Recommendation. Plaintiff proceeded to set forth his position on the time bar issue, supported by attached exhibits.

The time bar issue had come up earlier in the case. After screening the Complaint prior to ordering service in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Magistrate Judge had found that the Complaint failed to state a federal civil rights claim on which relief might be granted in that it appeared from the face of the Complaint that plaintiff's claims were time-barred. On that basis, the Magistrate Judge had issued an initial Report and Recommendation in which he recommended that the Complaint be dismissed without leave to amend and that Judgment be entered dismissing this action with prejudice. However, after duly considering plaintiff's ensuing objections to the Report and Recommendation, which the Magistrate Judge construed as an attempt to invoke the equitable tolling doctrine based on difficulties that plaintiff had encountered pursuing his claims because of his custodial status, the Magistrate Judge concluded that the time bar issue was not ripe for adjudication at the screening stage of the proceedings. Accordingly, on November 3, 2010, the Magistrate Judge issued an order vacating the October 5, 2010 Report and Recommendation.

In footnote 5 of the May 20, 2011 Report and Recommendation, the Magistrate Judge stated the following:

*The Court notes that, in their Motion, defendants have not asserted that plaintiff's claims are time-barred. However, the Court previously has found only that the time bar issue was not yet ripe for adjudication. Accordingly, if plaintiff chooses to file a First Amended Complaint, and if he is contending that he is entitled to equitable tolling, plaintiff should plead facts to support that he acted in a "reasonable and good faith" effort to pursue his claims. See, e.g., Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999).*

Since defendants did not raise the time bar issue in their Motion to Dismiss, and since the May 20, 2011 Report and Recommendation contained no finding on the time bar issue, there is no need for the Court to address that issue at this time. The Court also notes that, in deciding a motion to dismiss pursuant to Rule 12(b)(6), a Court may not look outside the pleadings without converting the motion into a motion for summary judgment. See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Thus, none of plaintiff's allegations regarding the time bar issue in his "objection" to the Report and Recommendation is properly before the Court at this time.

Having reviewed all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636, the Court accepts the findings and recommendation of the Magistrate Judge. However, the recommendation that plaintiff be afforded thirty (30) days to rectify the deficiencies of his Complaint with respect to his Fourteenth Amendment claim against defendants Birdsall, Rios, and McMahan based on their alleged refusal to provide prompt medical care has now been rendered moot by plaintiff's statement that he does not intend to file a First Amended Complaint reasserting that claim.

IT THEREFORE IS ORDERED THAT (1) defendants' motion to dismiss is granted with respect to plaintiff's Fourteenth Amendment claim against defendants Birdsall, Rios, and McMahan based on their alleged refusal to provide prompt

medical care, and that claim is dismissed without prejudice; (2) defendants' motion to dismiss is denied with respect to plaintiff's Fourth Amendment claim against defendant Rim and his Fourteenth Amendment claim against defendants Birdsall, Rios, and McMahan based on their alleged refusal to allow plaintiff to use the restroom during his interrogation; and (3) within thirty (30) days of the service date of this Order, defendants shall file an Answer to plaintiff's Fourth Amendment claim against defendant Rim and his Fourteenth Amendment claim against defendants Birdsall, Rios, and McMahan based on their alleged refusal to allow plaintiff to use the restroom during his interrogation.

DATED: June 29, 2011

*Valerie Baker Fairbank*
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE